## STONE ET AL vs. CLIFFORD.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

Where a new trial is prayed for on the affidavit of a party, that he has discovered important evidence since the trial; if on an investigation it appear that the facts as stated in the affidavit do not exist, a new trial will be refused.

This was an action brought to recover the sum of twelve hundred dollars for work done on, and materials furnished for a house situated in the city of New-Orleans. The defendant pleaded the general denial, payment and prescription. On the trial, the jury gave a verdict in favor of the plaintiffs, and judgment was accordingly rendered. On appeal, this court decided that evidence was inadmissible to prove a specific contract on the pleadings, though such evidence was properly admitted to show the value of the services and materials furnished. This court also decided, that on the reference to experts in the court below, the omission of the umpire to attend in order to examine the building in question at the time specified in the notice to the defendant, rendered the proceeding illegal. The cause was therefore remanded for a trial de novo. Vide 3 La. Rep. 349.

The defendant then filed a supplemental answer, in which he alleged, "That the plaintiffs agreed to do the work for which they bring suit, for the sum of eight hundred dollars, which has been paid." The cause was submitted to a jury and a second verdict was returned for the plaintiffs, on which judgment was accordingly entered. A new trial having been refused, the defendant appealed.

*Preston*, for appellant.

*Morse*, for appellees, prayed the judgment of the court below might be amended by allowing them the full amount claimed according to the evidence on record.

MATHEWS, J., delivered the opinion of the court.

This *is* a suit to recover from the defendant the value of materials furnished, of work and labor performed by the plaintiffs as builders of a house for the former. It is an action on a *quantum meruit*, and the case now comes before this court by a second appeal, having been remanded to the court below, for reasons expressed in our opinion on the first.

On the second trial in the inferior court, the cause was submitted to a jury, who found a verdict for the plaintiffs, and estimated the labor due to them at three hundred and fifty-four dollars and forty-one cents. Judgment was rendered in pursuance of this verdict, and the defendant, after an unsuccessful attempt to obtain a new trial, took the present appeal.

The motion for a new trial was based on an affidavit of the defendant, wherein he swore to the discovery of material testimony subsequent to the trial, &c. It appeared, however, on an investigation, that the facts as alleged in the affidavit did not exist, and consequently the parish court determined correctly in overruling the motion.

*Where a new trial is prayed for on the affidavit of a party, that he has discovered important evidence since the trial, if on an investigation it appear that the facts as stated in the affidavit do not exist, a new trial will be refused.*

The decision of the case, as it appears from the record, depends solely on matters of fact, of which the jury were competent judges. The testimony relating to the value of services performed by the plaintiffs is somewhat discordant,

but in our opinion does not preponderate so much in favor of their pretentions to a greater sum than was awarded by the jury, as to authorise a reversal of the judgment of the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.